J-S40032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA

              Appellee          :

                                    :

                v.                :

                                    :

BRIAN HESS,                        :

                                    :

            Appellant        :      No. 62 WDA 2015

Appeal from the Judgment of Sentence Entered December 4, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000615-2012

BEFORE:    FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 18, 2015**

      Brian Hess (Appellant) appeals from the judgment of sentence entered after and a jury convicted him for possession of child pornography. Specifically, Appellant challenges the denial of his motion to dismiss filed pursuant to Pa.R.Crim.P. 600. We vacate the judgment of sentence, reverse the trial court's order, and discharge Appellant.

      On February 16, 2012, following the execution of a search warrant on his residence, Appellant was arrested and charged with various crimes stemming from the discovery of child pornography on his personal computer. On May 6, 2013, Appellant entered into a guilty plea, which he subsequently moved to withdraw. On August 20, 2013, the trial court granted Appellant's request. By order dated August 23, 2013, the trial court directed the Commonwealth to list Appellant's case for trial.

---

*Retired Senior Judge assigned to the Superior Court.

The trial court's docket reflects that, on October 1, 2013, Appellant's case was placed on the call of the list for June 30, 2014, with an anticipated trial date of July 7, 2014. No continuance requests for either party appear of record. On July 16, 2014, the matter was rescheduled for the July 28, 2014 call of the list, with an anticipated trial date of August 4, 2014. Again, the record is devoid of any requests for a continuance by either party. On August 12, 2014, Appellant's case was scheduled for the September 2, 2014 call of the list, with an anticipated trial date scheduled for September 8, 2014.

On August 21, 2014, Appellant, through counsel, filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. On September 24, 2014, following a hearing, the trial court denied Appellant's motion. The case was once more listed for trial. On October 8, 2014, following a jury trial, Appellant was found guilty of the aforementioned offense. On December 4, 2014, Appellant was sentenced to a term of nine to 24 months of incarceration. Appellant timely filed a post-sentence motion, seeking modification of his sentence, which was denied by the trial court on December 30, 2014. This timely appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues on appeal, which we have reordered for ease of disposition: (1) whether the trial court erred in failing

to grant Appellant's Rule 600 motion; (2) whether the evidence was sufficient to support Appellant's conviction; (3) whether the trial court erred in failing to suppress the evidence recovered during the search of Appellant's home; and (4) whether the trial court erred in failing to grant Appellant's requests for a mistrial. Appellant's Brief at 7.

We begin with Appellant's challenge to the trial court's denial of his motion to dismiss.[1,2] Appellant's Brief at 22-23.

---

[1] It bears noting that, prior to the withdrawal of Appellant's guilty plea, on July 1, 2013, a revised version of Pa.R.Crim.P. 600 took legal effect. **See** Pa.R.Crim.P. 600 comment. By virtue of his guilty plea and the imposition of a fresh 365-day period in which to try him, **see** Pa.R.Crim.P. 600(a)(2)(d) and Comment, Appellant is thus subject to the revised version of the Rule. **See Commonwealth v. Corbin**, 568 A.2d 635, 636 n.4 (Pa. Super. 1990) (holding that Corbin's case was to be evaluated under the amended version of the speedy trial rule where, during the pendency of the case, the legislature amended the rule, effective immediately). Appellant's motion was filed, and analyzed, under the revised version of the Rule. However, as this case involves examining whether the Commonwealth exercised due diligence, our result would be the same under either version of the Rule.

[2] Rule 600 sets forth the speedy trial requirements and provides in pertinent part, as follows.

> **Rule 600. Prompt Trial**
>
> (A) Commencement of Trial; Time for Trial
>
>> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.
>>
>> (2) Trial shall commence within the following time periods.

- 3 -

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1)

* * *

(d) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 365 days from the date on which the trial court's order is filed.

* * *

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600.

the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters … courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Horne*, 89 A.3d 277, 283-84 (Pa. Super. 2014) (citation

omitted).

Further,

[i]f the Commonwealth exercised due diligence and the delay was beyond the Commonwealth's control, the motion to dismiss shall be denied. The Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time, and the Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft stated, due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

*Commonwealth v. Colon*, 87 A.3d 352, 359 (Pa. Super. 2014).

The trial court addressed Appellant's Rule 600 claim as follows.

The mechanical run date in this case is August 20, 2014, 365 days after [Appellant] was allowed to withdraw his guilty

- 5 -

plea. There is no excludable time since no motions or continuances were filed on his behalf. Under Rule 600, the Commonwealth now bears the burden to demonstrate that it exercised due diligence and the delay was beyond its control. ***Commonwealth v. Thompson***, 93 A.3d 478 (Pa. Super. 2014). The Commonwealth posits that it demonstrated due diligence in that it was ready to bring the matter to trial in both July and August 2014, but the prosecuting officer, retired Pennsylvania State Trooper Donald Lucas, was unavailable in either month.

At [a] hearing held on August 27, 2014, the Commonwealth presented the testimony of Nicki Todaro, the victim witness coordinator employed by the District Attorney's office. Her duties are to call the victims and the witnesses for criminal court. Ms. Todaro stated that this instant case had been certified as one of the first fifteen cases for trial during the August [2014] term of criminal court, which in Fayette County, is held from Monday until Friday during the first full week of every calendar month. Ms. Todaro then testified that she contacted Trooper Lucas on the Friday night, August 1, 2014, prior to the start of August criminal court week, to inform him of the trial.

Former Trooper Lucas testified [that] Ms. Todaro made contact with him by telephone on Friday before court week, but he could not recall the date. The [c]ourt now takes judicial notice of the calendar which establishes that the date was Friday, August 1, 2014, and the August session of criminal court week ran from Monday, August 4, to Friday, August 8. Trooper Lucas told Ms. Todaro that he would not be able to attend a trial during criminal court week in August because he was leaving on Sunday for a prepaid vacation in North Carolina that had been planned since October of 2013. He further testified that neither Ms. Todaro nor anyone else from the Fayette County District Attorney's office had ever contacted him earlier about the trial in this matter, not in May, June or July, 2014. He was not put on notice of any kind to prepare to come to the Fayette County Court of Common Pleas. After consulting his calendar, the former trooper said he was out of town on business in July 2014, but would have been available in June. Former Trooper Lucas did not initiate any contact with the District Attorney's office to advise the prosecutor that he would not be available for either the July or August term of court because he never received a

subpoena in any month, despite Ms. Todaro's assertion that she mailed one to his home address.

* * *

As stated above, the Commonwealth bears the burden of proving that it has been duly diligent when it fails to meet the 365-day mandate of Rule 600. While there is no obvious misconduct in the record here, the [c]ourt notes that the Commonwealth offered no explanation as to why this uncomplicated case, with a computer record and one prosecuting police officer as a witness, was not called for trial within a month of two of the withdrawal of [Appellant's] guilty plea or at any time thereafter. The [c]ourt takes judicial notice that during the months of May, June and July 2014, the District Attorney reported to the [c]ourt on Wednesday, and again on Thursday, of criminal court week that he had no additional cases to be tried, thus causing the [c]ourt to dismiss the jury venire panel much earlier than anticipated, said panel having been summoned for the entire week, leaving the [c]ourt with unused potential trial time.

As conceded by the Commonwealth at the hearing on this matter, the list of cases ready to be tried are, at the sole discretion of the District Attorney Jack Heneks, not put on the trial list until they are due to expire within the next sixty days. Thus, if, as here, an indispensable witness is unavailable during one or both of the criminal court weeks covered by the trial list, the probabilities are greatly increased that the defendant will be tried outside of the 365-day Rule 600 requirement. Of particular note is the court practice, pursuant to local rule, to call the trial list in open court on Monday of the week preceding criminal court week, e.g., at least seven days prior to the first criminal cases being tried during any particular criminal court session. On June 30, 2014, and again on July 28, 2014, the District Attorney reported that this case as ready for trial to begin during the upcoming week. Obviously, had the District Attorney exercised any degree of diligence, he would have been, and certainly should have been, alerted to the essential witness's impending vacation.

Meanwhile, the Commonwealth claims the situation is beyond its control and casually places the blame on the witness. Likewise, the Commonwealth failed to offer any reason for its usual practice of having Ms. Todaro call the necessary witnesses on the Friday afternoon prior to the start of criminal trial week on the following Monday, less than seventy-two hours later. Such conduct is especially questionable in light of the looming mechanical run date and the Commonwealth's seeming inability to ensure that the subpoenas it sends are actually received by the persons they are intended to reach. Further, the Commonwealth presented no evidence to show that it has subpoenaed former Trooper Lucas, or ascertained whether he will be available, to testify during the next session of the criminal court week, scheduled to be held from October 6th through the 10th, 2014, as it appears on the court calendar published in the autumn of 2013.

Nevertheless, despite the obvious inefficiencies and shortcomings of the methodology employed by the District Attorney's office relative to the Rule 600 mandate, [the c]ourt is mindful of the public's right to be protected from those who commit crimes, and the impingement on [Appellant's] right to a speedy trial here is *de minimus*. The [c]ourt, therefore, is constrained to find that the Commonwealth was duly diligent under the circumstances of this case.

Trial Court Opinion, 9/24/2014, at 1-5 (citations omitted).

The trial court erred in denying Appellant's motion despite finding that the Commonwealth violated the mandates of Rule 600 by failing to exert reasonable efforts to bring Appellant to trial within 365 days. That Appellant was eventually tried on the next trial term is immaterial to our analysis. Contrary to the trial court's belief, there exists no *de minimus* exception to Rule 600 compliance. Moreover, Appellant does not need to prove he was

- 8 -

prejudiced by the Commonwealth's error. We find instructive this Court's discussion of a similar factual scenario in **Colon**:

> [o]ur Supreme Court has made clear … that where, as here, our speedy trial decision turns solely on whether the Commonwealth exercised due diligence, we need not consider whether there exists misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused. Rather, due diligence is the applicable standard as prescribed in Rule 600(G). In light of the absence of any evidence showing that the Commonwealth made reasonable efforts to bring [Colon] to trial within 365 days, the Commonwealth's lack of due diligence in this case warrants dismissal of the charges under the express requirements of Rule 600.
>
> * * *
>
> Furthermore, although the trial court determined that [Colon] suffered no prejudice as a result of the delay, failure to show prejudice does not preclude [Colon] from obtaining relief under Rule 600. **When evaluating Rule 600, there need be no discussion of whether a defendant is prejudiced because prejudice is shown simply by proving that the defendant suffered 365 days of non-excludable pretrial delay under facts showing that the Commonwealth did not exercise due diligence**.

**Colon**, 87 A.3d at 360-61 (citations and footnote omitted; emphasis added).

Based on our review of the record, we find that a Rule 600 violation occurred as a result of the Commonwealth's failure to exercise due diligence to bring this matter to trial within 365 days of the withdrawal of Appellant's guilty plea. Thus, we hold that the trial court erred in denying Appellant's

Rule 600 motion. Accordingly, we reverse the trial court's order, vacate the judgment of sentence, and discharge Appellant.[3]

Judgment of sentence vacated. Order reversed. Appellant discharged. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 9/18/2015

---

[3] Because we conclude that the charges against Appellant should have been dismissed for violation of Pa.R.Crim.P. 600, we need not address Appellant's remaining issues.