J-S29038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES KELLY JOHNSON-ROSS | : | No. 58 WDA 2024 |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000495-2021

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: October 29, 2024**

In this appeal, the Commonwealth of Pennsylvania avers that the trial court erred by issuing the December 1, 2023 order dismissing the charges filed against James Kelly Johnson-Ross ("Johnson-Ross") pursuant to Pa.R.Crim.P. 600.  After careful review, we affirm.

The trial court ably set forth the procedural history of this case in the opinions dated July 17, 2023, December 1, 2023, and February 13, 2024, and we reiterate it here.[1]  Johnson-Ross, with two co-defendants, was arrested and charged with burglary, robbery, assault, conspiracy, and other charges

_____

[1] We note that the record does not contain any transcripts for the status hearings and trial list review hearings mentioned by the trial court in its opinions.  However, as the parties do not dispute the court's accuracy in its discussion of the procedural history of this case, we rely upon the trial court's multiple opinions in this regard.

on February 4, 2021.[2]  Four days later, the court appointed counsel for Johnson-Ross and scheduled a preliminary hearing for February 9, 2021.  The Commonwealth sought a continuance, and the preliminary hearing was held on March 2, 2021.

Local rules provide for preliminary conferences between the parties and the trial court to address various pre-trial issues.  The trial court noted that preliminary conferences occurred on May 10th, July 19th, September 20th (which was continued by Johnson-Ross), and November 8th of 2021 (also continued by Johnson-Ross).  The case proceeded to trial list review, which was scheduled for February 15, 2022, over a year following Johnson-Ross's arrest.  Defense counsel had a conflict on this date and requested a continuance.

Before the next review date, on February 28, 2022, counsel for Johnson-Ross filed two motions — an omnibus pre-trial motion and a writ of *habeas corpus*/Rule 600 motion.  Parties appeared for a trial list review hearing on March 8, 2022, and the court conducted a hearing on the outstanding defense motions, but deferred disposition.  On September 6, 2022, the trial court

---

[2] Johnson-Ross was charged with four counts of robbery (18 Pa.C.S. §§ 3701(a)(1)(ii), (iv) (two counts), and (v)), and one count each of burglary (18 Pa.C.S. § 3502(a)(1)(i)), aggravated assault (18 Pa.C.S. § 2702(a)(4)), criminal trespass (18 Pa.C.S. § 3503(a)(1)(ii)), terroristic threats (18 Pa.C.S. § 2706(a)(1)), false imprisonment (18 Pa.C.S. § 2903(a)), simple assault (18 Pa.C.S. § 2701(a)(2)), recklessly endangering another person (18 Pa.C.S. § 2705), attempted criminal mischief (18 Pa.C.S. § 901(a)), harassment (18 Pa.C.S. § 2709(a)(1)), and conspiracy (18 Pa.C.S. § 903).  The conspiracy charge was added by the criminal information filed on June 22, 2021.

denied the *habeas* petition, finding that the pre-trial hearing testimony established a *prima facie* case for the charges to proceed to trial. The court also denied the request for nominal bail under Rule 600, without prejudice, and ordered the Commonwealth to comply with providing discovery to Johnson-Ross consistent with Pa.R.Crim.P. 573. Johnson-Ross filed a motion for reconsideration, which was denied on September 30, 2022.

At the trial list review hearing conducted on October 4, 2022, defense counsel asserted that he had still not received all discovery as mandated by Rule 573. At this hearing, the Commonwealth maintained that it still had not received the DNA test results. The court instructed the defense to file a specific motion for discovery, listing which items of discovery had not yet been received. Two days after this hearing, the Commonwealth turned over the DNA report to the defense. Johnson-Ross then filed the motion for specific discovery that remained outstanding, as ordered by the trial court, stating that the missing items included copies of the co-defendants' statements, any criminal records of victims, and other various photos and videos. The Commonwealth, after being ordered to do so by the trial court, filed an answer to the motion on November 23, 2022. In response, the trial court issued an order scheduling another trial list review hearing, and requesting additional information from the Commonwealth on the outstanding discovery issues.

A trial list review hearing was conducted on February 16, 2023, more than two years after the complaint was filed, after which the court issued an order providing Johnson-Ross 14 days to file a renewed Rule 600 motion to

dismiss. In this renewed motion, defense counsel noted that the Commonwealth had maintained at the October 4th hearing that they had not yet received Johnson-Ross's DNA report from the state police lab, yet it produced the report two days later. Johnson-Ross stated that the delay in releasing the report was significant, as the testing sample was destroyed 30 days after the report was prepared, meaning that the defendant could not obtain independent DNA testing. Moreover, defense counsel averred in this motion that he had been formally requesting discovery since October 27, 2021.

In response to this motion, and seeking information about the delays surrounding discovery, the trial court entered an order directing the Commonwealth to ascertain from the Pennsylvania State Police when the police forwarded the DNA evidence report to the Commonwealth. Order, 3/20/23. When the response indicated that the Commonwealth, despite saying it had received the report on October 6, 2022, actually received the report six months earlier on March 28, 2022, Johnson-Ross filed another motion seeking Rule 600 relief on April 12, 2023. **See** Writ of *Habeas Corpus*/Rule 600 motion, 4/12/23, at ¶ 7.

The trial court conducted a hearing, after which it denied Johnson-Ross's April 12th motion. Order, 6/2/23. Jury selection was scheduled for June 5, 2023, but, at the Commonwealth's request, it was rescheduled for July 31, 2023. After jury selection, the Commonwealth presented Johnson-Ross with additional discovery in the form of a 619-page report from the Pennsylvania

State Police, claiming that the information had been received that day, August 1, 2023. This disclosure on the eve of trial raised further questions about the Commonwealth's diligence. Thus, on August 1 and 2, 2023, the trial court conducted telephone status conferences with the attorneys in the case. Also, Johnson-Ross filed a new motion to dismiss on August 3, 2023. Thereafter, the trial court cancelled the scheduled jury trial and permitted Johnson-Ross 30 days to file a supplement to the motion to dismiss. Order, 8/3/23. This order further provided the Commonwealth 30 days to file a response to Johnson-Ross's motion. *Id.* The defense filed a supplemental motion to dismiss but, despite being ordered to do so by the trial court, the Commonwealth did not respond.

After providing time for a response and receiving none, the trial court granted Johnson-Ross's motion to dismiss on December 1, 2023. Opinion, 12/1/23. Pertinently, the court stated:

> Based on the totality of the circumstances of the record in this matter, the [c]ourt is constrained to grant [Johnson-Ross's] most recent [m]otion to [d]ismiss. The [c]ourt's decision to grant [Johnson-Ross's m]otion to [d]ismiss is based on a careful review of the entire record of this proceeding. This careful review includes but is not limited to the extensive procedural litigation in this matter, the need for the [c]ourt to issue several orders regarding the production of discovery, the cancellation of the scheduled jury trial that resulted from an additional 619[-]page report from the Pennsylvania State Police, and the Commonwealth's failure to respond to [Johnson-Ross's] [m]otion to [d]ismiss as required by this [c]ourt's August 3, 2023 [o]rder.

*Id.* The Commonwealth filed a motion to reconsider, to which Johnson-Ross filed a response. The trial court did not address the motion. The

Commonwealth then filed its timely notice of appeal on December 28, 2023. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue in its brief to this Court:

Did the trial court abuse its discretion in discharging this case pursuant to Pa.R.Crim.P. 600 based on what amounts to alleged discovery violations?

Commonwealth's brief at 5.

A trial court's decision to dismiss a case pursuant to Rule 600 will only be reversed on appeal for an abuse of discretion. ***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] … discretion is abused." ***Id.*** (citation omitted). The scope of our review is limited to the trial court's findings and the record evidence, viewed in the light most favorable to the prevailing party, who here was Johnson-Ross. ***Commonwealth v. Wholaver***, 989 A.2d 883, 899 (Pa. 2010).

Our Supreme Court has clarified the significance of Rule 600:

Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases. To protect the defendant's speedy trial rights, Rule 600 ultimately provides for the dismissal of charges if the Commonwealth fails to bring the defendant to trial within 365 days of the filing of the complaint …, subject to certain exclusions for delays attributable to the defendant. Conversely, to protect society's right to effective prosecution prior to dismissal of charges, Rule 600 requires the court to consider

whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control. If the Commonwealth exercised due diligence and the delay was beyond the Commonwealth's control, the motion to dismiss shall be denied. The Commonwealth, however, has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft-stated, due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing [that] the Commonwealth has put forth a reasonable effort. **If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.**

*Bradford*, 46 A.3d at 701-02 (cleaned up, emphasis added). *See also*

*Commonwealth v. Johnson*, 289 A.3d 959, 982 (Pa. 2023) (repeating that dismissal is an appropriate remedy when undue delay is caused by the Commonwealth in bringing a case to trial and the Commonwealth fails to exercise due diligence).

Relevantly, Rule 600 provides:

**(A) Commencement of Trial; Time for Trial**

\*\*\*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*\*\*

**(c) Computation of time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

***

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney … may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. …

Pa.R.Crim.P. 600.

As previously stated, Rule 600 serves to protect both a defendant's right to a speedy trial, as well as society's right to the effective prosecution of criminal cases. *Commonwealth v. Dixon*, 907 A.2d 468, 473 (Pa. 2006). Historically, the Pennsylvania Supreme Court adopted Rule 600[3] in response to the United States Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514 (1972). The High Court promulgated a four-part test to be employed by courts in determining whether a particular defendant was deprived of his right to a speedy trial: the length of the delay involved, the reason for such delay, the defendant's assertion of his or her right, and the prejudice to the defendant. *Id.* at 530; *see also Commonwealth v. Harth*, 252 A.3d 600, 614-15 (Pa. 2021). Further, the Commonwealth is "held to the requirement that it exercise due diligence at all times during the pendency of a case[.]" *Harth*, 252 A.3d at 617.

In the case at bar, the trial court explained the three reasons that it believed warranted dismissal of the charges against Johnson-Ross. Opinion,

---

[3] Rule 600 was previously codified as Pa.R.Crim.P. 1100.

2/13/24, at 6-8. First, the trial court noted that Johnson-Ross had sought an exculpatory DNA report issued by the Pennsylvania State Police,[4] which was not produced to Johnson-Ross until October 6, 2022. *Id.* at 6. In the trial court's July 17, 2023 opinion, the court stated, with respect to this DNA evidence, that it

> accepts the District Attorney's assertions at the June 1, 2023 hearing wherein the Commonwealth indicated that they had inquired about the lab report on more than one occasion during the period from March 28, 2022 to October [6], 2022, and was informed that the lab report had not been returned. **We find no evidence of bad faith on the part of the District Attorney's Office or the law enforcement agency**. It appears that the failure to provide this DNA lab report was an oversight.

Opinion, 7/17/23, at 7 (emphasis added). The trial court revisited this determination, however, after finding out that the report had actually been created on **March 28, 2022**; in a subsequent opinion, the court noted that "the Commonwealth did little, if anything, to ascertain if the report existed." Opinion, 12/13/24, at 6. The Commonwealth never explained why the report did not get turned over for several months.[5]

---

[4] Discovery, including a request that the Commonwealth turn over any DNA evidence, was formally requested in the omnibus pre-trial motion docketed on February 28, 2022. Johnson-Ross alleged that the Commonwealth had failed to exercise due diligence in the writ of *habeas corpus*/Rule 600 motion dated February 28, 2022.

[5] The Commonwealth has yet to explain this delay. In its brief to this Court, the Commonwealth merely states: "It is believed that counsel for the Commonwealth had made numerous previous attempts to retrieve discovery from the assigned trooper, and that the prosecutor believed he possessed had received [*sic*] all discovery in the case before proceeding to jury selection in July of 2023." Commonwealth's brief at 13-14.

The trial court's second justification for the dismissal of charges against Johnson-Ross was that the Commonwealth provided a 619-page report to the defendant **after the conclusion of jury selection**. The court explained:

> The Commonwealth took virtually no steps to determine whether the report contained any new information; presumably, conversations or interaction with the author of the report could have shed light on this question. As mentioned previously, this dilatory disclosure occurred after this [c]ourt had previously issued several orders relating to discovery production, each of which evidently went unheeded by the Commonwealth; as a result of the late production of this report, the [j]ury [t]rial was cancel[l]ed.

*Id.* at 7.

And the third reason given by the trial court for dismissing the charges against Johnson-Ross occurred after the trial court cancelled the pending jury trial. Pursuant to the directions given by the trial court after the trial date was cancelled, Johnson-Ross filed a supplemental *habeas* petition/motion to dismiss under Rule 600 on September 5, 2023. In this motion, Johnson-Ross detailed his requests for discovery in the pending case, and the responses thereto. With respect to the 619 pages of discovery produced after jury selection, Johnson-Ross noted in this motion that it included many items that should have been turned over previously, including witness statements, a statement made by a co-defendant, multiple search warrants, and 104 transcribed conversations between Johnson-Ross and others during his incarceration, among other things. Motion, 9/5/23, at ¶ 68. The trial court had also directed the Commonwealth to answer this motion, but it never did.

*See* Order, 8/3/23 (giving Johnson-Ross 30 days to file a renewed motion to dismiss and the Commonwealth 30 days thereafter to answer Johnson-Ross's motion). After waiting on a response that never arrived, the trial court issued the order granting the motion to dismiss on December 1, 2023.

The Commonwealth sought reconsideration after dismissal had been ordered. The Commonwealth first claimed not to have replied to Johnson-Ross's motion to dismiss because it did not receive notice of the filing. Motion for Reconsideration, 12/8/23, at ¶ 2. In its brief to this Court, the Commonwealth asserts that it did not receive this motion because it was filed through the PACFile system.[6] Yet the Commonwealth admits to obtaining Johnson-Ross's motion to dismiss on or about October 27, 2023, which gave the Commonwealth more than one month to file a reply — or at least seek an extension of time to do so — before the trial court dismissed the charges against Johnson-Ross. The trial court noted: "This [c]ourt takes no pleasure in dismissing the serious charges in this matter. However, the [c]ourt gave the Commonwealth numerous opportunities to act with diligence in the prosecution of this matter. Eventually, it became clear that the constitutional and statutory rights of [Johnson-Ross] allowed no further opportunities."

_____

[6] "PACFile is a service that provides parties the ability to electronically file documents on both new and existing cases with the Pennsylvania courts. … Those using PACFile receive automatic e-mail notifications when filings are made or orders are entered in their cases." 20 West's Pa. Prac., Appellate Practice § 125:1, 2. According to the brief for the Commonwealth, prior to this case, the Blair County District Attorney's Office "[did] not customarily use PACFile[.]" Commonwealth's brief at 13.

Opinion, 2/13/24, at 8.  We agree with this reasoning.  The Commonwealth was not precluded from replying to the due diligence allegations raised in the last motion to dismiss.

Accordingly, we find no abuse of discretion in the trial court's decision to dismiss the charges here.  We note that the complaint charging Johnson-Ross with crimes was filed on February 4, 2021.  The case was dismissed on December 1, 2023, or 1,030 days later.  While the docket sheet is not a model of clarity, we have calculated the following periods of delay which are attributable to Johnson-Ross:

- ❖ Postponement of preliminary conferences on September 20, 2021, and November 8, 2021, both of which were continued at the request of defense counsel.

- ❖ Defense postponement of the trial list review hearing on February 15, 2022.

- ❖ Defense filing of an omnibus pre-trial motion and Rule 600 motion on February 28, 2022.  These motions were denied on September 6, 2022.  At this point, the defense was responsible for 351 days of delay (September 20, 2021 to September 6, 2022).

- ❖ Defense motion to reconsider filed on September 15, 2022, and denied on September 30, 2022, resulting in an additional 15 days of delay attributable to the defense.

- ❖ Defense motion for discovery filed on October 18, 2022, and denied on January 6, 2023, resulting in an additional 80 days of delay attributable to the defense.

- ❖ Renewed defense motion filed on February 28, 2023, and denied on March 20, 2023, for an additional 20 days of delay attributable to the defense.

- ❖ Renewed defense motion filed on April 12, 2023, and denied on June 2, 2023, for an additional 51 days of delay attributable to the defense.

❖ Renewed defense motion filed on August 3, 2023, and another filed on September 5, 2023; these were granted on December 1, 2023. This is an additional delay attributable to Johnson-Ross, and is for 120 days.

Adding the periods of time above which are attributable to the defense gives us a total of 637 days of delay solely due to the defense. When these 637 days are added to the date that the complaint was filed, we observe that trial should have commenced on or before November 3, 2023. Thus, the trial court's dismissal of the charges against Johnson-Ross on December 1, 2023, occurred after the adjusted run date under Rule 600 had passed. By these calculations, the trial court's decision to dismiss the charges against Johnson-Ross was correct. *See Commonwealth v. Barbour*, 189 A.3d 944, 947 (Pa. 2018) (holding that, "[a]bsent a demonstration of due diligence, establishing that the Commonwealth has done everything reasonable within its power to guarantee that the trial begins on time, the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice") (cleaned up, citation omitted).

Moreover, we stress that, even if the Rule 600 date for commencing trial had passed, dismissal would be inappropriate if the Commonwealth had acted diligently in bringing Johnson-Ross to trial. *Commonwealth v. Colon*, 87 A.3d 352, 359 (Pa. Super. 2014). As noted previously, the phrase "due diligence" in our jurisprudence is determined case-by-case, and the Commonwealth has a continuing obligation to act with due diligence by

"put[ting] forth a reasonable effort." ***Id.*** It is always true that "[t]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time[.]" ***Id.*** Moreover, the failure to provide discovery can be deemed a lack of due diligence. ***See Harth***, ***supra*** (finding a lack of due diligence when the Commonwealth missed the deadline set by the trial court to complete discovery by 525 days without explanation).

Here, the Commonwealth repeatedly failed to ensure that Johnson-Ross was provided discovery in a timely manner prior to trial. Johnson-Ross first formally requested discovery in the omnibus pre-trial motion filed on February 28, 2022. Yet, the Commonwealth failed to provide a DNA report for more than six months, and only provided statements made by co-defendants and witnesses, and other items, after jury selection had concluded on August 1, 2023. Further, the Commonwealth was given an opportunity to explain its actions and respond to the allegation that it did not act with due diligence, but failed to respond to the latest motion filed by Johnson-Ross, even after being instructed to reply by the trial court. We find that the evidence amply supports the trial court's conclusion that the Commonwealth failed to act with diligence. Accordingly, finding no abuse of discretion, the trial court's order is affirmed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/29/2024