J-S37032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS LAMONT JONES | |
| Appellant | No. 1700 WDA 2015 |

Appeal from the PCRA Order October 7, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0000534-2006

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED JUNE 3, 2016**

Carlos Lamont Jones appeals from the order of the Court of Common Pleas of Allegheny County.  After our review, we affirm based on the opinion authored by the Honorable Edward J. Borkowski.

A jury convicted Jones of one count of possession with intent to deliver (cocaine) ("PWID"), 35 P.S. § 780-113(a)(30), possession (cocaine), 35 P.S. § 780–113(a)(16), and possession of drug paraphernalia. 35 P.S. § 780–113(a)(32).   The court sentenced Jones to five to fifteen years' incarceration.  This Court affirmed the judgment of sentence on March 16, 2012, and the Supreme Court of Pennsylvania denied allowance of appeal. **_Commonwealth v. Jones_**, 47 A.3d 1247 (Pa. Super. 2012) (unpublished memorandum), appeal denied, 51 A.3d 838 (Pa. 2012).

On September 7, 2012, Jones filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46, ("PCRA"), and the PCRA court appointed counsel. On October 31, 2012, PCRA counsel filed a motion to withdraw and a ***Turner/Finley***[1] no-merit letter. The PCRA court granted counsel's motion to withdraw and gave Jones notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss the PCRA petition. Jones filed a response to the court's Rule 907 notice. Thereafter, the PCRA court dismissed Jones' PCRA petition by order entered December 4, 2012. Jones filed a timely *pro se* notice of appeal, and the PCRA court issued an order on January 16, 2013, directing Jones to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Jones complied, and the PCRA court entered a Statement in Lieu of Opinion pursuant to Rule 1925(a) on March 8, 2013.

On October 22, 2013, this Court directed the PCRA court to appoint new counsel to represent Jones and to conduct a hearing on his layered ineffectiveness of counsel/Rule 600 claim. ***See Commonwealth v. Jones***, 79 WDA 2013 (unpublished memorandum, filed Oct. 22, 2013). On remand, the court appointed new counsel, conducted two hearings, and denied Jones' claim for collateral relief. This appeal followed. Jones raises the following issues for our review:

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

1. Whether [Jones'] trial counsel, David Shrager, Esquire, was ineffective for failing to raise a Rule 600 claim, which in the circumstances of the particular case, so undermined the truth-determining process that no adjudication of guilt or innocence could have taken place?

2. Whether [Jones'] PCRA counsel, Robert Carey, Esquire, was ineffective for failing to pursue and investigate a Rule 600 claim, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

3. Whether there was a violation of the constitution of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* Further, we grant great deference to the factual findings of the PCRA court; we will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011).

It is well-settled that "our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal

error." ***Commonwealth v. Gadsden***, 832 A.2d 1082, 1085 (Pa. Super. 2003) (citing ***Commonwealth v. Yager***, 685 A.2d 1000, 1003 (Pa. Super. 1996) (en banc)); ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003). To prevail on a petition for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). ***See Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011). These circumstances include the ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

Jones' first two issues comprise a layered ineffectiveness claim that PCRA counsel and trial counsel were ineffective for failing to investigate and pursue a Rule 600 claim. As we set forth in ***Burkett***, ***supra***,

> Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

- 4 -

*Burkett*, *supra* at 1271–1272 (internal citations and quotations omitted).

We conclude that the opinion authored by Judge Borkowski in support of the order denying Jones' PCRA petition thoroughly and comprehensively addresses the issues he raises on appeal. Counsel were not ineffective for failing to investigate or pursue a Rule 600 claim; the PCRA court correctly determined that, considering the sixteen postponements, fourteen of which were requested by Jones, and the properly excludable time, Jones was brought to trial within the time period required by Rule 600.[2] The underlying claim lacks merit and, therefore, neither trial counsel nor PCRA counsel was ineffective. *See* Trial Court Opinion, 12/11/15, at 8-15. Additionally, the court determined, as a separate matter, that there was no violation of Jones' constitutional right to a speedy trial. *See id*. at 15-19 (court weighed factors to be considered, noting that despite lengthy delay, Jones and his counsel were primarily responsible for delays, government was not primarily responsible, and Jones neither raised the issue timely nor established prejudice as a result of delay).

Based upon our review, we agree with Judge Borkowski's assessment and analysis of Jones' claims on appeal. The court's determination is supported in the record and we find no legal error. *See Burkett*, *supra*.

_____

[2] *See* Pa.R.Crim.P. 600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."). *See also* Pa.R.Crim.P. 600(C) (computation of time).

- 5 -

We, therefore, affirm the order denying Jones' PCRA petition based upon Judge Borkowski's opinion. We direct the parties to attach a copy of the opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016

COPY

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

APPELLEE,

V.

CARLOS JONES,                    CC NO.: 200600534

APPELLANT.

1700 WDA 2015

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI

COPIES TO:
Christy Foreman, Esq.
220 Grant Street
Fifth Floor
Pittsburgh, PA 15219

Michael Streily, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

FILED

15 DEC 11 AM 10: 11

DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,   CRIMINAL DIVISION

APPELLEE

V.   CC NO.: 200600534

CARLOS JONES,

APPELLANT.

## OPINION

BORKOWSKI, J.

## PROCEDURAL HISTORY

Appellant was charged by criminal information (CC 200600534) with one count each of: possession with intent to deliver, conspiracy, possession, possession of drug paraphernalia, person not to possess a firearm, and altering identification.

On June 29, 2010, following several postponements, Appellant proceeded to a jury trial before the Honorable Donald Machen. Following the jury trial, Appellant was found guilty of possession with intent to deliver, possession, and possession of drug paraphernalia. On September 30, 2010, Appellant was sentenced by the Trial Court to five to fifteen years incarceration at the charge of possession with intent to deliver.

2

On October 29, 2010, Appellant filed a timely notice of appeal to the Superior Court. Appellant's judgment of sentence was affirmed on March 16, 2012, and his petition for allowance of appeal was denied on August 23, 2012.

On September 7, 2012, Appellant filed a timely *pro se* PCRA Petition. The PCRA Court appointed Robert Carey to represent Appellant. Attorney Carey filed a *Turner/Finley* no-merit letter on October 31, 2012. On November 5, 2012, the PCRA Court granted Attorney Carey's motion to withdraw, and issued a notice of intent to dismiss Appellant's PCRA petition. On November 27, 2012, Appellant filed a response to the notice of intent to dismiss, including an argument that Attorney Carey should have raised an ineffective assistance of trial counsel claim for failure to file a Rule 600 motion prior to trial. On December 4, 2012, the PCRA Court dismissed Appellant's PCRA petition.

Appellant filed a timely *pro se* notice of appeal on December 27, 2012. On October 22, 2013, the Superior Court remanded Appellant's PCRA petition to the PCRA Court for it to address Petitioner's Rule 600 claim. The Superior Court stated:

> While Appellant's contention that no time is excludable from the running of Rule 600 as attributable to him is incorrect, we conclude genuine questions of material fact exist concerning whether the Commonwealth violated Rule 600 and whether trial counsel and PCRA counsel were ineffective for failing to pursue a Rule 600 claim at their respective stages of the proceedings.

3

In light of the foregoing, we conclude the PCRA court erred in determining Appellant failed to raise a cognizable claim under the PCRA and that the record belied his claim. Rather, we conclude Appellant properly raised sufficient averments to warrant an opportunity to prove his claims. Accordingly, we vacate the PCRA court's December 4, 2012 order dismissing Appellant's PCRA petition without a hearing. We direct the PCRA court to appoint new counsel to represent Appellant and to conduct a hearing on Appellant's layered ineffectiveness of counsel/Rule 600 claim.

Superior Court Opinion, October 22, 2013, pp. 13-14.

Notably missing from the certified record on appeal was any documentation explaining the delay between the denial of Appellant's omnibus pretrial motion on July 25, 2007, and the first day of trial on June 29, 2010.

Following remand, the PCRA Court appointed Attorney Christy Foreman to represent Appellant. On February 25, 2014, the PCRA Court held a hearing, wherein the PCRA Court heard testimony from Assistant District Attorney Thaddeus Dutkowski and Appellant's trial counsel Attorney David Shrager. At that hearing, several original postponement forms, which had been missing from the court file, were introduced into evidence. For the first time, Appellant alleged that he did not sign the postponement forms that bore what appeared to be his signature. As such, the PCRA Court continued the matter to allow a handwriting expert to examine the documents that formed the basis of Appellant's new claim.

The PCRA Court appointed Khody Detwiler as a handwriting expert, and Detwiler filed an expert report on October 29, 2014.

4

Appellant's case was reassigned to the Honorable Edward J. Borkowski on November 19, 2014.

During the pendency of the PCRA and following reassignment, Appellant visited Judge Borkowski's courtroom several times requesting of Judge Borkowski's staff that Attorney Foreman be removed as counsel. Attorney Foreman was notified by Judge Borkowski's staff that Appellant wanted Attorney Foreman removed as counsel, but she was unable to make contact with Appellant to discuss this. Attorney Foreman filed a motion to withdraw on December 12, 2014, based on Appellant's request to courtroom staff that she withdraw.

On February 24, 2015, a *Grazier* hearing was held. At the hearing, Attorney Foreman explained that she had only discovered that the case had been reassigned to Judge Borkowski when his courtroom staff notified her of Appellant's request for her to withdraw as counsel. Following private discussions between Attorney Foreman and Appellant on February 24, 2015, Appellant notified the PCRA Court that he wanted Attorney Foreman to continue representing him.

On July 22, 2015, a second PCRA hearing was held. At that time, the Commonwealth and Attorney Foreman stipulated to and introduced into evidence the handwriting expert report, the transcript from the prior PCRA proceeding before Judge Machen, and Commonwealth Exhibit 1, which consisted of nine postponement forms.

The PCRA Court took the matter under advisement and conducted an independent review of the record and testimony. On September 11, 2015, the PCRA Court issued detailed findings of fact and conclusions of law within its notice of intent to dismiss Appellant's PCRA petition. The PCRA Court denied Appellant's PCRA petition on October 7, 2015.

This timely appeal follows.

## STATEMENT OF ERRORS ON APPEAL

Appellant's claims are set forth below exactly as Appellant presented them:

1) Appellant's trial counsel, David Shrager, Esquire, was ineffective for failing to raise a Rule 600 claim, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
2) Appellant's PCRA Counsel, Robert Carey, Esquire, was ineffective for failing to pursue and investigate a Rule 600 claim, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
3) There was a violation of the Constitution of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
4) The Trial Court erred in denying Appellant's PCRA Petition.

## FINDINGS OF FACT

The underlying facts of the case are not germane to the disposition of this appeal.

6

## DISCUSSION

An appellate court's role in reviewing PCRA appeals is "limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). The scope of review is limited to the PCRA court's findings and the evidence of record, which are to be viewed in the light most favorable to the Commonwealth. *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). A denial will not be disturbed unless it is found that the certified record does not support the PCRA court's findings. *Commonwealth v. Gandy*, 38 A.3d 899, 902 Pa. Super. 2012).

The standard of review for ineffective assistance of counsel claims is well settled:

> Counsel is presumed effective, and the appellant has the burden of proving otherwise. Appellant establishes ineffectiveness of counsel with a demonstration that: (1) the underlying claim is of arguable merit; (2) counsel's action or inaction was not grounded on any reasonable basis designed to effectuate Appellant's interest; and (3) there is a reasonable probability that the act or omission prejudiced Appellant in such a way that the outcome of the proceeding would have been different. If the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue. Also, if the prejudice prong of the ineffectiveness standard is not met, the claim may be dismissed on that basis alone and there is no need to determine whether the arguable merit and client's interests prongs have been met.

7

*Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246-1247 (Pa. Super. 2002) (citations and quotations omitted).

I.

Appellant alleges in his first claim that trial counsel was ineffective for failing to raise a Rule 600 claim prior to trial. This claim is without merit.

The Pennsylvania Rules of Criminal Procedure provide that a defendant must be brought to trial within 365 days after the complaint is filed. Pa. R. Crim. P. 600. Excludable time and excusable delay are taken into account when calculating the deadline within which a defendant must be brought to trial. Excludable time includes delays attributable to a defendant or his counsel. Excusable delay includes delays that occur beyond the control of the Commonwealth and despite its due diligence. *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013). Dismissal is required only when the Commonwealth fails to bring a defendant to trial within 365 days, with the deadline calculated after taking into account all excludable time and excusable delay. *Goldman*, 70 A.3d at 880.

The relevant procedural history regarding the prosecution of Appellant's case is somewhat convoluted and lengthy, and was discussed in detail in the PCRA Court's findings of fact and conclusions of law on September 11, 2015. Recounted here, Appellant was charged by criminal complaint on July 7, 2005, making his

mechanical run date July 7, 2006. However, the Commonwealth withdrew all charges on November 9, 2005.

Charges against Appellant were re-filed on November 28, 2005. A Rule 600 run date is calculated from the second filing date if the withdrawal and re-filing of charges was necessitated by factors outside the Commonwealth's control, the Commonwealth exercised due diligence, and the re-filing was not an attempt to circumvent the limitations of Rule 600. *Goldman*, 70 A.3d at 880. Here, nothing of record indicated that the Commonwealth withdrew Appellant's charges in an attempt to circumvent the requirements of Rule 600, or did not act with due diligence. The Superior Court determined that Appellant's Rule 600 claim should begin on November 28, 2005, the date of the second complaint, although the Superior Court did not indicate why. Superior Court Opinion, October 22, 2013, at p. 13. Absent evidence that the Commonwealth withdrew the charges in an attempt to thwart the requirements of Rule 600, and after not exercising due diligence, the PCRA Court calculated Appellant's Rule 600 claim to begin on November 28, 2005. Thus, his mechanical run date was November 28, 2006.

Appellant was scheduled for a preliminary hearing, but Appellant requested continuances from December 13, 2005 to December 20, 2005, and then again to January 10, 2006. While there is no reason apparent from the record for the postponements, they were defense postponements and were considered excludable

9

time for purposes of calculating Appellant's Rule 600 deadline. Thus, Appellant's adjusted run date became December 26, 2006.

On January 10, 2006, Appellant's case was held for court, and he received a subpoena for March 24, 2006, at which time he was formally arraigned.

On June 21, 2006, Appellant filed an omnibus pretrial motion. The motion was not ruled on until July 25, 2007, 399 days later. While the time from the filing of an omnibus pretrial motion to its disposition can usually be considered excludable time, the PCRA Court was not convinced that the entire period should be considered excludable time because it was not obvious that the motion itself required a delay of over one year. *Commonwealth v. Hill*, 736 A.2d 578, 587 (Pa. 1999) (filing a pretrial motion will not render a defendant unavailable; delay only excludable where it caused delay in commencement of trial and Commonwealth exercised due diligence in opposing or responding to the motion). Instead, the PCRA Court only excluded specific instances of excludable time and excusable delay during that period from June 21, 2006 until July 25, 2007.

On September 28, 2006, the Commonwealth filed a postponement because one of its key witnesses for disposition of the pretrial motion, and trial, was unavailable. A postponement was granted until December 13, 2006. This was an excusable delay as it delayed the trial and disposition of the motion, and the

Commonwealth was acting in due diligence in attempting to secure the witness.[1] On December 14, 2006, the defense filed a postponement until January 29, 2007, because the trial court was unavailable. On January 30, 2007, the defense filed a postponement until April 10, 2007, because counsel needed more time to prepare. On April 10, 2007, the defense filed a postponement until July 2, 2007, because the court was unavailable and a Commonwealth witness was unavailable. On July 2, 2007, the defense filed a postponement until July 25, 2007, because counsel had a scheduling conflict. These postponements were either excusable delay by the trial court or excludable time attributable to Appellant or counsel. On July 25, 2007, Appellant's pretrial motion to suppress was denied. Thus, at that point, Appellant's adjusted run date became October 20, 2007.

It is unclear what occurred from the denial of the pretrial motion on July 25, 2007, and the court date of September 6, 2007. Attorney Foreman and the Commonwealth had assumed it was a judicial delay. However, without concrete reasoning for the delay, the PCRA Court did not consider it excludable time. Thus, Appellant's adjusted run date remained as October 20, 2007, despite the delay following disposition of the pretrial motion.

---

[1] Appellant alleged that his signature on that postponement form was not his, and the expert report agreed. The PCRA Court noted, however, after careful examination of the postponement form, that this form did not contain a purported signature by Appellant. Strangely, the only signature on the line provided for the defendant's signature on the postponement form is for Appellant's co-defendant, and reads: James DePasquale (for Thelma Jones). Thus, no forged signature for Appellant appears on that postponement. The PCRA Court found no reason to ignore this postponement in calculating Appellant's excludable time.

On September 6, 2007, the Commonwealth requested and was granted a postponement until September 19, 2007, because a witness was unavailable. This was an excusable delay as the Commonwealth was acting in due diligence in attempting to secure witnesses for the trial. Appellant's adjusted run date became November 2, 2007.

On September 19, 2007, the defense filed a postponement because counsel was in the process of negotiating a plea agreement with the Commonwealth. A new trial date was set for January 14, 2008. This delay was attributable to the defense, and was excludable time. Appellant's adjusted run date became February 27, 2008.

On January 14, 2008, the defense filed a postponement because Appellant had not been transported to the courthouse from SCI Greene.[2] A new trial date was set for May 19, 2008. This delay was excusable as the Commonwealth was acting in due diligence and Appellant's non-transport was outside its control. As a result, Appellant's adjusted run date became July 2, 2008.

---

[2] Appellant alleged that his signature on this postponement form was not his own signature, and the expert agreed. The postponement form contains the following signature: Carlos Jones by [illegible]. Notably, the postponement was requested and granted because Appellant was not transported to the courthouse from SCI Greene. Thus, Appellant could not have been there to sign the postponement form, and therefore it was signed on his behalf by his attorney or someone from his attorney's office. The file indicates that a subpoena for the rescheduled trial date was mailed to Appellant. Appellant was subsequently released from SCI Greene, and appeared at the rescheduled trial date of May 19, 2008, indicating that Appellant was aware of and did not object to the rescheduled date. The PCRA Court found no reason to ignore this postponement in calculating Appellant's excludable time.

On May 19, 2008, the defense filed a postponement for more time to prepare for trial. A new trial date was set for September 22, 2008. This delay was excludable as attributable to the defense. Thus, Appellant's adjusted run date became November 5, 2008.

On September 22, 2008, the defense filed a postponement because the trial court was unavailable, and a new trial date was set for January 27, 2009. This delay was excusable, and Appellant's adjusted run date became March 12, 2009.

On January 27, 2009, the defense filed a postponement because of potential witness problems. A new trial date was set for May 11, 2009. This delay was excludable as attributable to the defense, and Appellant's adjusted run date became June 24, 2009.

On May 8, 2009, defense filed a postponement for more time to prepare for trial. A new trial date was set for September 15, 2009. Again, this time was excludable as attributable to the defense, and Appellant's adjusted run date became October 29, 2009.

On September 15, 2009, the defense filed a postponement because the court was unavailable due to another jury trial. A new trial date was set for February 22, 2010. This delay was excusable, and Appellant's adjusted run date became April 7, 2010.

On February 4, 2010, the defense filed a postponement because defense counsel was going to be out of town for the scheduled trial date.[3] A new trial date was set for June 28, 2010. This delay was excludable as attributable to the defense, and Appellant's adjusted run date became August 11, 2010.

Appellant proceeded to jury selection on June 28, 2010, and his trial began on June 29, 2010, over one month before his adjusted run date of August 11, 2010.

In evaluating the procedural history of Appellant's case, the PCRA Court acknowledges that numerous postponements were filed and granted. However, based on the record before the PCRA Court, they were not due to the Commonwealth's lack of diligence to bring Appellant to trial. In fact, only two of the sixteen postponements in this case were Commonwealth postponements, and those were not due to a lack of due diligence on the part of the Commonwealth. The PCRA Court found that there was no Rule 600 violation, and the underlying claim lacked merit, and this finding was supported by the record. Thus, the PCRA Court properly denied Appellant's PCRA claim. *See Commonwealth v. Fowler,*

---

[3] This postponement form was submitted prior to the scheduled trial date of February 22, 2010. The signature on the form reads: Carlos Jones by DSS. Appellant's counsel (David Shrager) likely signed the form on his behalf because Appellant was not there. Appellant subsequently signed the subpoena for the rescheduled trial date, and also updated his address on the subpoena. Thus, Appellant had notice of and did not object to the postponement at the time it was made. The PCRA Court found no reason to ignore this postponement in calculating Appellant's excludable time.

703 A.2d 1027, 1029 (Pa. 1997) (counsel will not be deemed ineffective for failing to raise a meritless claim).

Appellant's claim is without merit.

## II.

Appellant alleges in his second claim that PCRA counsel Robert Carey was ineffective for failing to raise the ineffective assistance of trial counsel for failing to pursue a Rule 600 claim. The PCRA Court incorporates by reference its lengthy discussion hereinabove of trial counsel's effectiveness in not pursuing a Rule 600 claim. *See supra,* pp. 8-15. As the underlying Rule 600 claim lacked merit, and trial counsel was not ineffective for failing to raise it, the PCRA Court found that PCRA counsel likewise was not ineffective for failing to raise trial counsel's ineffectiveness on that basis, and this finding is supported by the record. Thus, the PCRA Court properly denied Appellant's PCRA claim. *See Commonwealth v. Fears,* 86 A.3d 795, 820 (Pa. 2014) (appellate counsel was not ineffective for failing to raise a meritless claim of trial counsel's ineffectiveness). Appellant's claim is without merit.

## III.

Appellant alleges in his third claim that there was a violation of the United States and/or Pennsylvania constitutions, which undermined the truth-determining

15

process in this case such that no reliable adjudication of guilt or innocence could have taken place. This claim is without merit.

A claim that a defendant's Rule 600 right to a speedy trial was violated is distinct from a claim that his constitutional right to a speedy trial was violated. *Commonwealth v. Preston*, 904 A.2d 1, 10 (Pa. Super. 2006) (constitutional claim provides a separate and broader basis for asserting that a defendant's speedy trial rights were violated in appropriate cases). Here, Appellant did not allege in his PCRA that his constitutional right to a speedy trial was violated, and thus the PCRA Court did not examine this claim previously. Appellant still does not specifically allege that his constitutional right to a speedy trial was violated, and thus such claim does not need to be addressed. *Commonwealth v. Colon*, 87 A.3d 352, 357 n.2 (Pa. Super. 2014) (where defendant does not raise the separate constitutional issue in addition to a Rule 600 claim, there is no need for the court to evaluate the constitutional claim).

Nonetheless, Appellant's Concise Statement of Matters does allege that there was "a violation" of the constitution, and his claims as a whole are all related to the Rule 600 claim. Thus, in the interests of thoroughly examining and disposing of all of Appellant's claims, this Court will now examine whether the delay violated Appellant's constitutional right to a speedy trial.

As discussed at length hereinabove, Appellant's right to a speedy trial under Rule 600 was not violated. *See supra*, pp. 8-15. Having found no Rule 600 violation, the court must next determine whether a constitutional violation occurred. *Colon*, 87 A.3d at 356. There are four factors to be considered in determining whether an unconstitutional speedy trial violation has occurred:

> (1) whether the pretrial delay was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice because of the delay. A finding in the defendant's favor of any one of the four factors, standing alone, does not constitute a speedy trial violation. Rather, each of the four factors are related and each must be weighed carefully in the court's evaluation of a criminal defendant's claim that his speedy trial rights were violated.

*Commonwealth v. DeBlase*, 665 A.2d 427, 432 (Pa. 1995) (citations omitted).

Here, as to the first factor, the Court acknowledges that there was an uncommonly long pretrial delay in bringing Appellant's case to trial.

The second factor examines the responsibility for the delay. As noted hereinabove, there were sixteen postponements in this case. The Commonwealth requested two postponements, due to the unavailability of a key witness for trial. Appellant's counsel requested fourteen postponements: four requests because counsel was unavailable, one request because Appellant was not transferred, five requests for more time to prepare for trial, and four requests because the trial court was unavailable on the scheduled date. While four of Appellant's postponements

17

were due to the trial court's unavailability, ten of the sixteen postponements were due to counsel's need to prepare for trial, and for the unavailability of counsel or Appellant. The delay was notably not due to a lack of diligence on the part of the Commonwealth. As such, under the second factor, Appellant is more to blame than the Commonwealth for the delay.

As to the third factor, Appellant did not assert a Rule 600 claim relating to his speedy trial rights until the PCRA Court filed a notice of intent to dismiss in November 2012, well after the commencement of his jury trial, and after his first appeal to the Superior Court.

As to the fourth factor, prejudice to the defendant, the court must assess this factor within the context of the interests that the speedy trial right is meant to protect. Namely, those rights are:

> (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the impairment of the defense. The last consideration [. . .] represents the most serious of these three concerns, because the inability of a defendant to adequately prepare his case for trial skews the fairness of the entire system.

*DeBlase*, 665 A.2d at 436 (citations omitted). Here, Appellant's counsel specifically asked for five of the sixteen postponements in order to better prepare for trial. At no point did counsel claim that the delay prejudiced his client or his preparation for trial, nor has Appellant indicated how he was prejudiced by the delay in this case.

18

Considering and weighing all four factors, this Court finds that while there was a lengthy delay, the government was not primarily to blame for that delay, Appellant and Appellant's counsel were primarily to blame for the delay, Appellant did not timely raise a speedy trial violation claim, and Appellant was not prejudiced by the delay. As such, Appellant's constitutional right to a speedy trial was not violated, and Appellant's claim is without merit.

## IV.

Appellant alleges in his final claim that the PCRA Court erred in denying Appellant's PCRA Petition. As discussed at length hereinabove, Appellant's layered ineffective assistance of counsel claim was without merit, and the PCRA Court properly denied Appellant's PCRA petition. *See supra*, pp. 8-15. Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: ___DECEMBER 11, 2015___

_____ ,J.

Edward J. Borkowski

19