J-S01005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN BAEZ | : | |
| | : | |
| Appellant | : | No. 897 MDA 2020 |

Appeal from the PCRA Order Entered June 9, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000900-2014

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 24, 2021**

Edwin Baez appeals from the order, entered in the Court of Common Pleas of Lebanon County, denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

The relevant facts and procedural history is set forth in this Court's decision on Baez's direct appeal:

> On May 12, 2014, sixteen-year-old D.R.[] informed a teacher that Baez, her stepfather, had been sexually abusing her for the past three years.  []D.R.'s school immediately contacted both the police department and Lebanon County's Children and Youth Services ("CYS").  Detective David Lauver, a child abuse detective with the North Lebanon Township Police Department[,] was assigned to the police investigation, while Stephanie Swisher, an investigator with CYS, was assigned to the CYS investigation.

---

[*] Former Justice specially assigned to the Superior Court.

Both Detective Lauver and Swisher spoke with D.R. at her school on the day she made these allegations.

Later that day, Detective Lauver contacted Baez for a non-custodial interview at the police station. Baez agreed to speak with Detective Lauver, but denied any allegation of sexual contact with D.R. Two days later, Baez appeared for a second non-custodial interview with Detective Lauver. At this interview, Baez admitted to sexual contact with D.R. However, he alleged all contact was initiated by D.R. As both of these interviews were non-custodial, Detective Lauver did not provide Baez with *Miranda*[1] warnings.

On May 15, 2014, Baez was arrested and charged with sexual assault and related crimes. Six days later, while Baez was in prison, Swisher met with Baez in relation to the CYS investigation. Swisher provided Baez with *Miranda* warnings, which Baez waived. Baez, once again, admitted to sexual contact between himself and D.R., but asserted D.R. was the aggressor and initiated all contact. This conversation, which occurred over the prison's visitor telephone system, was recorded.

Prior to trial, Baez filed a series of motions with the court. [] Baez filed a motion to suppress the statements made to Swisher due to her alleged misrepresentations during their interview. Additionally, Baez filed a Rule 600 motion to dismiss his charges due to the Commonwealth's [alleged] lack of diligence in bringing his case to trial. The parties agreed that a hearing on the suppression motion was unnecessary, as the suppression court could decide the motion solely on the transcript of the prison interview between Swisher and Baez. The court, however, conducted a hearing on the Rule 600 motion. Ultimately, the court denied both motions.

The case proceeded to jury trial on June 7, 2016. After two days of testimony, the jury convicted Baez of one count of involuntary deviate sexual intercourse, one count of sexual assault, one count of endangering the welfare of children, one count of corruption of minors, and two counts of indecent assault. The trial court sentenced Baez to an aggregate period of 21 to 44 years' incarceration. Additionally, the court found Baez to be a sexually

---

[1] *Miranda v. Arizona*, 384 .S. 46 (1966).

violent predator ("SVP") and ordered him to register as such for the remainder of his life.

***Commonwealth v. Baez***, 681 MDA 2017, at 2-3 (Pa. Super. filed Nov. 2, 2018) (unpublished memorandum decision). On direct appeal, this Court affirmed Baez's judgment of sentence.[2] ***Id.*** at 14. Baez did not seek review in the Pennsylvania Supreme Court.

On January 30, 2020, Baez filed a *pro se* PCRA petition. The court appointed counsel on January 31, 2020. The court also issued a rule to show cause why a hearing should not be granted. The Commonwealth filed a response, the PCRA court entered an order, pursuant to Pa.R.Crim.P. 907, giving notice of its intention to dismiss Baez's petition without a hearing and Baez filed a counseled response to the Rule 907 notice. In March 2020, the court scheduled a hearing for April 13, 2020. In light of the judicial emergency due to COVID-19, the hearing was rescheduled for June 15, 2020.

At the hearing, Baez presented several claims of ineffectiveness of trial counsel. Baez argued trial counsel was ineffective for not doing research on Rule 600, which caused his motion to dismiss to be denied. He also argued trial counsel was ineffective for failing to order the transcript of the February 1, 2016 hearing on the Rule 600 motion to dismiss, which rendered this claim waived on direct appeal. ***See*** N.T. Evidentiary Hearing, 6/5/20, at 4-5. Both Baez and trial counsel testified at the hearing. At the conclusion of the

---

[2] This Court vacated Baez's SVP designation under 42 Pa.C.S.A. § 9799.24(e)(3), pursuant to ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), which was applicable law at the time of Baez's sentencing.

hearing, the court denied Baez's PCRA petition. On June 29, 2020, Baez filed this timely appeal. He raises two issues for our review:

1. Did the PCRA Court err in not finding trial counsel ineffective because he failed to preserve Baez's Rule 600 claim on appeal?

2. Did the PCRA Court err in not finding trial counsel ineffective because he was not prepared to argue Baez's Rule 600 motion at the hearing?

Appellant's Brief, at 4. Baez argues he was forced to file for continuances because the Commonwealth did not exercise due diligence in responding to his discovery requests. *Id.* at 15. He also argues counsel had no reasonable basis for failing to order the Rule 600 hearing transcript, which resulted in this Court finding his Rule 600 claim waived on direct appeal. *Id.* at 15-16. *See Commonwealth v. Baez*, *supra* at 3-5. This latter claim is correct, however, Baez cannot prove ineffectiveness unless he can establish that his underlying claim had merit. Following a hearing, the PCRA court concluded counsel was not ineffective for failing to preserve Baez's Rule 600 claim for appeal because the claim was meritless.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for [petitioner] to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. To prevail on his ineffectiveness claims, [petitioner] must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [petitioner] suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted). Further,

> [o]ur review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotation marks omitted).

The proper scope of review of Baez's Rule 600 claim is limited to the evidence on the record of the hearing and the findings of the PCRA court. This Court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Thompson*, 93 A.3d 478, 486–87 (Pa. Super. 2014).

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good[-]faith prosecution delayed through no fault of the Commonwealth.

*Id.* (citations, brackets, and ellipses omitted).

Rule 600 provides, in relevant part:

(A)  Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

> (2) Trial shall commence within the following time periods.
>
>> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence **within 365 days from the date on which the complaint is filed.**
>
> * * *
>
> (C) Computation of Time
>
> (1) For purposes of paragraph (A), **periods of delay** at any stage of the proceedings **caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.**

Pa.R.Crim.P. 600 (emphasis added).

The courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal: "First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). [Finally, w]e add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." *Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018). Accordingly, to determine whether a Rule 600 violation occurred, a court must "account for any 'excludable time' and 'excusable delay.'" *Commonwealth v. Colon*, 87 A.3d 352, 357 (Pa. Super. 2014) (citation omitted). "Excludable time is delay that is attributable to the defendant or his counsel." *Id.* The following periods must be excluded:

> (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not

be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) **any period of time for which the defendant expressly waives Rule 600**;

(3) **such period of delay at any stage of the proceedings as results from either the unavailability of the defendant or the defendant's attorney or any continuance granted at the request of the defendant or the defendant's attorney**.

Pa.R.Crim.P. 600, cmt. (emphasis added). ***See Colon***, ***supra***.

Excusable delay "is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." ***Colon***, 87 A.3d at 357. In determining whether the Commonwealth has exercised reasonable diligence, we are guided by the following: "Due diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Commonwealth v. Lynch***, 57 A.3d 120, 124 (Pa. Super. 2012) (internal citations and quotations omitted).

Upon review of the procedural history, we conclude that Baez's Rule 600 claim lacks merit. The Commonwealth filed a criminal complaint against Baez on May 15, 2014. As such, the mechanical run date was May 15, 2015. Pa.R.Crim.P. 600(A)(2). Baez was tried on February 1, 2016. The parties agreed 627 days had passed since the filing of the complaint—262 days past the mechanical run date. After a comprehensive review of the docket, the court determined that of those 262 days, only the time between the filing of

the complaint and the call of the list on July 24, 2014, a total of 70 days, was *not* attributable to Baez. Thus, the court found 192 days of delay attributable to Baez. Adding the excludable time to the mechanical run date, we calculate the adjusted run date to November 27, 2015. Pa.R.Crim.P. 600(C).

One week prior to that date, on November 20, 2015, Baez filed a motion for continuance, seeking 60 days to obtain DNA testing of the victim's clothing. In his motion, Baez stated, "Defendant believes and therefore avers that the Commonwealth is giving their full cooperation, however the information being made available to them by the technology sources has been slow." Appellant's Motion for Continuance, 11/20/15, at ¶ 8. Adding that period of excludable time, the adjusted run date is January 26, 2016. We also add as excludable delay the 30-day continuance sought by the Commonwealth, where the court determined the Commonwealth acted with due diligence. Pa.R.Crim.P. 600(C)(1). In his opinion, the Honorable Samuel A. Kline determined that none of the delay was a result of the Commonwealth's delay in discovery obligations, and the Commonwealth demonstrated due diligence throughout the proceedings. *See* PCRA Court Opinion, 8/24/20, at 6-14. After our review, we agree. This brings Baez's February 2, 2016 trial date within the time limitations set forth in Rule 600. Hence, Baez's claim that trial counsel provided ineffective assistance for failing to preserve and adequately argue his Rule 600 claim is meritless.

Counsel's failure to preserve the issue for appeal, and lack of preparation, while unprofessional, did not prejudice Baez because the record

and governing case law would not alter the result of his case. **Presley**, **supra**. The PCRA court's findings are supported in the record, and we discern no legal error. **Mason**, **supra**. Where "the underlying claim is meritless, the derivative claim of ineffective assistance of counsel for failing to object has no arguable merit." **Commonwealth v. Spotz**, 47 A.3d 63, 122 (Pa. 2012).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2021