J-S03006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE ALONZO WEEKS | : | |
| | : | |
| Appellant | : | No. 1231 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001343-2019

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: FEBRUARY 14, 2024**

Appellant, Andre Alonzo Weeks, appeals from the judgment of sentence entered July 12, 2022, after this Court remanded the matter for a hearing pursuant to Pa.R.Crim.P. 600(D).[1]  We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> [Appellant] was charged, by criminal complaint, on June 20, 2019 with count [one]: manufacture, delivery, or possession with intent to manufacture or deliver; count [two]: drug delivery resulting in death; and count [three]: involuntary manslaughter.  [Appellant's] case proceeded to [a] preliminary hearing on August 5, 2019 and mandatory arraignment on

---

[1] We note that Appellant purported to appeal from the August 21, 2023 order denying his Rule 600 motion to dismiss.  In a criminal action, however, an "appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).  Accordingly the docket has been corrected to reflect that Appellant's appeal lies from the July 12, 2022 judgment of sentence.

August 21, 2019. The case was continued numerous times, several of note, on occasion of the [COVID]-19 pandemic. In October of 2020, the case was listed for trial from February 18[th through] 23rd, 2021.

On January 25, 2021, an Amended Emergency Judicial Order was issued by th[e trial] court extending the postponement of all criminal jury trials until March 8, 2021, which canceled [Appellant's] trial. [Appellant] filed his first [motion pursuant to Pa.R.Crim.P. 600] on January 28, 2021. [He] then amended this motion on February 4, 2021. On February 10, 2021, the Commonwealth filed a request to hold a status conference [to discuss potential trial dates]. On February 15, 2021, a status conference was held where the Commonwealth asked for the next dates available to try [Appellant]. Given the [trial court's COVID-19] measures and the construction of the new Franklin County Courthouse, the earliest dates available for trial were November 18[th through] 23rd, 2021.

A hearing was held on [Appellant's] first Rule 600 motion on March 1, 2021. An order was issued denying [Appellant's] motion on March 22, 2021. [Appellant] filed his second Rule 600 motion on October 18, 2021. The Commonwealth filed an answer to [Appellant's] motion on October 27, 2021. [The trial court, however, did not address Appellant's motion *via* a hearing or otherwise. The matter proceeded to a jury trial] on November 18, 2021 through November 23, 2021[. Appellant was found guilty of all charges.[2]]

The [trial court] sentenced [Appellant] on January 12, 2022 to serve an aggregate term of incarceration of 15 to 30 years. [Appellant] filed a timely post-sentence motion, which the [trial court] denied on July 16, 2022. [*See* Pa.R.Crim.P. 720(B)(3)(b) (allowing the trial court to grant one 30-day extension for decision on a defendant's post-sentence motion upon motion by the defendant and good cause shown). Appellant] filed [a] timely notice of appeal on July 13, 2022. … [Ultimately, this Court] remanded the matter back to [the trial court] for the sole purpose of conducting a hearing pursuant to Pa.R.Crim.P. 600(D) to determine whether [Appellant's right to

---

[2] On Appellant's previous appeal, this Court set forth the circumstances of his convictions at length. *See **Commonwealth v. Weeks**,* 2023 WL 3884606, *1 (Pa. Super. 2023).

a prompt trial was violated. **See Weeks**, 2023 WL 3884606 at *1. In particular, we instructed the trial court "to consider whether the Commonwealth established the necessary due diligence as intended under Rule 600(C)(1)" and to either grant or dismiss Appellant's Rule 600 motion based upon this determination. **Id.** at *6. We otherwise affirmed Appellant's judgment of sentence in all other respects. **Id.** at *1].

On June 12, 2023, the [trial court] issued an order scheduling a hearing pursuant to Pa.R.Crim.P. 600(D). A hearing was held on July 25, 2023. At the hearing, the Commonwealth was unprepared to present evidence in accordance with [this Court's] ruling and asked for a continuance. Against [Appellant's] objection, the [trial court] granted the Commonwealth's request and a new hearing was scheduled for August 3, 2023. On August 21, 2023, the [trial court] issued an opinion denying [Appellant's] motion for Rule 600 relief. [Appellant] timely filed this present appeal on August 28, 2023.

Trial Court Opinion, 10/20/23, at 1-3 (unnecessary capitalization omitted) (footnote added).

Appellant raises the following issue on appeal:

Did the Commonwealth []meet its burden to show due diligence[] by not making any effort whatsoever to assure that [Appellant] was tried on the charges related to this case[] until 115 days after the previously set, court determined, adjusted run date (as to Rule 600) of July 26, 2021?

Appellant's Brief at 3.

On appeal, Appellant challenges the trial court's disposition of his Rule 600 motion to dismiss. Appellant contends that the trial court erred in determining that the Commonwealth exercised due diligence over the life of the case and, in turn, in concluding that Appellant's right to a speedy trial was not violated even though his trial did not commence until November 18, 2021. We disagree.

Our review of this issue is governed by the following standard:

> In evaluating [Pa.R.Crim.P.] 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Furthermore:
>
> > The proper scope of review [ ... ] is limited to the evidence of record of the [Pa.R.Crim.P.] 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind [Pa.R.Crim.P.] 600. [Pennsylvania Rule of Criminal Procedure] 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of [Pa.R.Crim.P.] 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, [Pa.R.Crim.P.] 600 must be construed in a manner consistent with society's right to punish and deter crime.

***Commonwealth v. Martz***, 926 A.2d 514, 517 (Pa. Super. 2007) (citation omitted).

Rule 600 provides, in relevant part:

(A) Commencement of Trial; Time for Trial

> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

- 4 -

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \*

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

This Court has explained

the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

*Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018) (cleaned up) (citation and emphasis omitted).

Herein, the mechanical run date was June 20, 2020. *See Weeks*, 2023 WL 3884606 at *4. We must, however, "account for any 'excludable time' and 'excusable delay'" to derive an adjusted run date. *Commonwealth v. Colon*, 87 A.3d 352, 358 (Pa. Super. 2014) (citation omitted). "Excludable time is delay that is attributable to the defendant or his counsel." *Id.* (citation omitted). Excusable delay, on the other hand, "is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Id.* (citation omitted). "When the defendant or the defense [was] instrumental in causing the delay, the period of delay will be excluded from computation of time." *See* Pa.R.Crim.P 600, Cmt.

"[P]eriods of judicial delay [constitute excusable delay and, therefore,] are excludable from calculations under [Rule 600]." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017). Indeed, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Id.* Importantly, however, "'before a trial court excludes time from its Rule 600 [] computation on the basis of 'judicial delay,' the Commonwealth must 'demonstrate that it acted with due diligence.'" *Commonwealth v. Lear*, 290 A.3d 709, 719 (Pa. Super. 2023) (citation omitted). Thus,

> in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the

case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion.

***Id***. (citation omitted).

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). "[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time," ***Colon***, 87 A.3d at 359 (citation omitted), and it bears the burden of proving by a preponderance of the evidence that it exercised due diligence. ***Commonwealth v. Plowden***, 157 A.3d 933, 941 (Pa. Super. 2017) (*en banc*) (citation omitted); ***see also Commonwealth v. Ramos***, 936 A.2d 1097, 1102 (Pa. Super. 2007) (holding due diligence "includes, among other things, listing a case for trial prior to the run date, preparedness of trial within the run date, and keeping adequate records to ensure compliance with Rule 600").

A review of the certified record in this case reveals that, in contrast to Appellant's current claims on appeal, Appellant made multiple continuance requests and, as such, the periods from July 2, 2019 through August 5, 2019 and October 21, 2019 through March 9, 2020, a total of 174 days, are attributable to Appellant and constitute excludable time. In addition, our Supreme Court, as well as the Franklin County Court of Common Pleas,

executed multiple judicial emergency orders starting on March 16, 2020 and continuing through March 8, 2021, delaying all trials due to COVID-19. We note, however, that the trial court in its previous Rule 1925(a) opinion stated that, during this time, jury trials were, in fact, conducted for a total of 111 days. Trial Court Opinion, 8/25/22, at 20. Hence, a total of 246 days are excludable based on the aforementioned judicial emergency orders. Adding the 174 excludable days attributable to Appellant and the 246 excludable days attributable to the judicial emergency orders, results in 420 total excludable days and an adjusted run date of August 14, 2021.[3]

Appellant's trial, however, did not commence until November 18, 2021, a total of 96 days after the August 14, 2021 adjusted run date. On Appellant's previous appeal, the trial court found "167 additional days of delay attributable to [Appellant]" but failed to hold a hearing to determine whether the "Commonwealth exercised due diligence" during that time. **Weeks**, 2023 WL 3884606 at *5-*6. This Court therefore remanded the matter to the trial

---

[3] We acknowledge that these allocations for excludable days due to Appellant or emergency judicial orders differ from those previously determined by the trial court and later affirmed by this Court. **See Weeks**, 2023 WL 3884606 at *4. In particular, this Court in **Weeks** affirmed the trial court's finding that "171 days were excludable due to [Appellant's] continuance requests, and 231 days were excludable based on judicial emergency orders for a total of 402 excludable days." **Id.** The **Weeks** Court then affirmed the trial court's determination that July 26, 2021 constituted the adjusted run date. **Id.** Upon further review, we note that the trial court's periods of excludable time were correct, but a small mathematical error occurred effecting its final determination. Thus, this limited error did not truly affect its ultimate Rule 600 determination.

court with instructions to conduct a hearing pursuant to Pa.R.Crim.P. 600(D) to make such a determination.

On August 3, 2023, the trial court held a Rule 600(D) hearing as instructed. At the hearing, Chief Deputy District Attorney Jonathan Faust testified. Initially, Attorney Faust explained that the criminal complaint in this matter was filed on June 20, 2019. Appellant's preliminary hearing was held on August 5, 2019, following Appellant's request for a continuance, and his mandatory arraignment occurred on August 21, 2019. Thereafter, Appellant was placed on the "October [2019] Call-of-the-List," all discovery was provided to the defense, and the Commonwealth was ready to proceed to trial. N.T. Hearing, 8/3/23, at 12. Appellant's counsel, however, requested a continuance during the October 2019 trial term and then again during the January 2020 trial term. As such, Appellant's case was "listed for the March trial term in 2020" but, due to a series of administrative orders, all trials, including Appellant's, were placed on hold from March 2020 through October 2020. *Id.* at 13-14. The parties ultimately proceeded to a pre-trial conference on October 12, 2020, during which "both parties certified to the [c]ourt that [they] were ready for trial" and that "all discovery was given over," resulting in Appellant's trial being set to take place from February 18, 2021 through February 23, 2021. *Id.* at 16.

On November 28, 2020, and then again on January 25, 2021, however, the President Judge of Franklin County Court of Common Pleas entered administrative orders further suspending all criminal trials until the spring of

- 9 -

2021, causing Appellant's trial to be continued again and Appellant's pretrial conference to be set for May 2021. Attorney Faust, being ready to proceed to trial, "did [not] want to wait until May [2021] to get [Appellant] relisted for trial." *Id.* at 18. As such, Attorney Faust "filed for a status conference to get th[e] case moved up so [the parties] could get a sooner trial date than waiting until May." *Id.* A status conference was conducted on February 15, 2021, during which the parties, "once again, certified that [they] were ready for trial to take place." *Id.* at 19. The trial court, however, "reviewed its calendar and determined that the earliest it could schedule a consecutive one[-]week homicide trial with the information known to it at that time was[] November 1[8]-23, 2021." Trial Court Opinion, 8/21/23, at 3. This was because "Franklin County Court of Common Pleas [was] dealing with the challenges of conducting trials under [COVID] protocols" as well as "the entire court facility [] undergoing new construction and renovation that resulted in the loss of available courtrooms." *Id.* Appellant's trial commenced according to schedule on November 18, 2021.

Herein, the trial court determined that the aforementioned testimony confirmed that the Commonwealth exercised due diligence during the life of the case. *Id.* at 8. In addition, the trial court concluded that the delay from the February 15, 2021 status conference until Appellant's trial constituted judicial delay because the court "simply had no ability" to conduct Appellant's trial prior to November 18, 2021 in light of the COVID protocols in place, as well as the "limited resources for trial spaces being used by the entire board

of judges and the lack of availability of the new judicial center until early October[] 2021." *Id.* at 7-8. Based upon the foregoing, the trial court dismissed Appellant's Rule 600 motion to dismiss.

Upon review, we discern no abuse of discretion on the part of the trial court. The testimony elicited during the August 3, 2023 hearing demonstrated that the Commonwealth exercised due diligence in this matter. Attorney Faust testified that, at all relevant times, the Commonwealth was prepared to proceed to trial. In addition, Attorney Faust stated that the Commonwealth consistently listed Appellant's case for trial. Finally, Attorney Faust specifically stated the additional judicial emergency orders issued by the President Judge of Franklin County Common Pleas in November 2020 and January 2021 further delayed Appellant's trial scheduled for February 2021. To avoid this further delay, Attorney Faust "ask[ed] the trial court to review its calendar [and] the available jury trial courts spaces and set new trial dates." *Id.* at 7. Hence, in contrast to Appellant's claims, the Commonwealth did "everything reasonable within its power to guarantee that [Appellant's] trial [began] on time." *Colon*, 87 A.3d at 359 (citation omitted). The trial court, however, was unable to accommodate Appellant's trial prior to November 18, 2021, despite the Commonwealth's attempt to schedule Appellant's trial at an earlier date. Trial Court Opinion, 8/21/23, at 7. Thus, we conclude that the period from, at least, March 8, 2021, until Appellant's trial, November 18, 2021, a total of 255 days, constitutes excludable time under Rule 600. This calculation extends the final run date to (at the earliest) April 26, 2022 – nearly five months **after**

Appellant's trial commenced. Hence, the trial court properly denied Appellant's Rule 600 motion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024