J-S10004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT A. ZAMICHIELI | : | |
| | : | |
| Appellant | : | No. 1143 MDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000560-2021

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 23, 2025**

Lamont A. Zamichieli appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

We previously explained that Appellant was charged in May 2020 for the 2019 acts of "exposing himself to a correctional officer and then falsely accusing that officer of assaulting him." ***Commonwealth v. Zamichieli***, 301 A.3d 917, 2023 WL 4104044, at *1 (Pa.Super. 2023) (non-precedential decision).  In August 2021, Appellant's trial counsel filed a motion to dismiss pursuant to Pa.R.Crim.P. 600.  After a hearing, the court set nominal bail but declined to dismiss the charges.

Shortly thereafter, Appellant *pro se* filed, among many other things, a "'Request for the Death Penalty', in which he claimed to be speaking with aliens."  PCRA Court Opinion, 11/18/24, at 3.  The court held a competency hearing.  "Based on the expert evaluation submitted by the Commonwealth,

[the trial court] found that [Appellant] was feigning mental illness and that he was merely malingering to delay trial[.]" *Id*.

The court scheduled a jury trial for March 25, 2022. On March 18, Appellant filed *pro se* motions, including one purporting to give notice of an insanity defense. Trial counsel did not adopt that motion, file a notice regarding an intent to present an insanity defense, or put forth such a defense at the subsequent trial, at which Appellant failed to appear.[1] Once the court was satisfied that Appellant understood the ramifications of refusing to cooperate with his transportation to the courthouse for trial, the court permitted the Commonwealth to prosecute him *in absentia*. A jury found Appellant guilty of "indecent exposure, unsworn falsification to authorities, false reports to law enforcement authorities (falsely incriminated another), false reports to law enforcement authorities (reported an offense that did not occur), and open lewdness." *Id*. Appellant attended his sentencing hearing by video conference and received an aggregate sentence of one to two years of imprisonment.

A slew of *pro se* motions and notices followed, including a direct appeal and request to represent himself. After the trial court conducted a hearing, it

---

[1] Since Appellant was represented by counsel, his *pro se* motion was a legal nullity and had no effect unless counsel took some action to present it to the court. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) ("[P]ro se motions have no legal effect and, therefore, are legal nullities. When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." (cleaned up)).

granted Appellant's motion to proceed *pro se*. In this Court, Appellant raised five issues, attacking the trial court's rejection of his Rule 600 motion, the violation of his speedy trial rights, and the effective assistance of trial counsel. We affirmed Appellant's judgment of sentence, rejecting each issue raised as follows:

> Appellant's Rule 600 claim is meritless where time attributed to statewide and local judicial emergencies in the wake of the COVID-19 pandemic needed to be excluded from a time calculation pursuant to Pa.R.Crim.P. 600(C). His claims challenging the effectiveness of his trial counsel must await collateral review under the PCRA. His claim raising a violation of his speedy trial right under the United States Constitution is waived for lack of preservation. His claim alleging a violation of his right to self-representation is waived for lack of preservation and, in any event, meritless where Appellant failed to appear for trial, days after he filed his motion to proceed *pro se*, and the Commonwealth moved to proceed with a trial in *absentia*.

*Zamichieli,* 2023 WL 4104044, at *10 (some capitalization altered). In discussing the Rule 600 claim, this Court noted that "[t]he statewide emergency orders did not foreclose a defendant from otherwise asserting speedy trial claims as a matter of constitutional law." *Id*. at *4 n.6 (cleaned up). Thereafter, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Zamichieli*, 311 A.3d 549 (Pa. 2024).

Appellant timely filed the instant *pro se* PCRA petition. In light of Appellant's request to continue representing himself despite his statutory right to counsel, the PCRA court conducted a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988). It determined that Appellant knowingly, voluntarily, and intelligently waived his right to counsel and therefore

permitted him to continue *pro se*. Upon review of Appellant's petition and the Commonwealth's answer, the PCRA court indicated that an evidentiary hearing was not necessary given the lack of merit to any of Appellant's contentions. Nonetheless, it provided Appellant twenty days to respond with any additional bases for challenging counsel's effectiveness, and gave notice that upon expiration of that time the court would either order briefs on the existing claims or, if necessary, schedule a hearing on any new claims. **See** Order, 5/24/24.[2] Since Appellant did not respond, the court directed the parties to file briefs outlining their respective positions. The parties complied and on August 2, 2024, the PCRA court denied Appellant's petition.

This timely appeal followed. Despite no order to do so, Appellant filed a concise statement pursuant to Pa.R.A.P. 1925(b). The PCRA court authored a responsive Rule 1925(a) opinion. Before this Court, Appellant presents the following two issues:

    A. [Appellant]'s right to a speedy trial under the 6th Amendment was violated by [the] Commonwealth and Cumberland County but trial counsel [Attorney Welch] was ineffective and incompetent, was ineffective for failing to timely raise, assert, and preserve the 6th Amendment speedy trial claim in the trial court before trial?

---

[2] This order did not comply with Pa.R.Crim.P. 907 because it did not explicitly advise Appellant of the court's intention to dismiss the petition. However, Appellant has waived any claim assailing the propriety of the order by failing to raise a challenge to the non-compliance. **See Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa.Super. 2007) ("Although the notice requirement set forth in Rule 907 has been held to be mandatory, Appellant has not objected to its omission and thereby has waived the issue." (cleaned up)).

B. [Attorney Welch] was ineffective for failing to timely raise an insanity defense or mental health defect to the charges on [Appellant]'s behalf despite being aware that [Appellant] suffered a serious mental illness at the time or date of the alleged commission of the conduct charged with?

Appellant's brief at 2.

We begin with the pertinent legal principles governing our review of the PCRA court's order denying Appellant's claims of ineffective assistance of trial counsel:

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining whether the PCRA court's ruling is supported by the record and free of legal error. The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*.

. . . .

Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on the petitioner. To obtain relief based on a claim of ineffectiveness, a petitioner must establish: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. A failure to meet any of these prongs bars a petitioner from obtaining relief.

*Commonwealth v. Rosario*, 314 A.3d 888, 892-93 (Pa.Super. 2024) (cleaned up).

Appellant first argues that trial counsel rendered ineffective assistance by failing to raise in a pre-trial motion and preserve for appeal a constitutional challenge to the violation of his speedy trial rights. *See* Appellant's brief at 13. He maintains that his charges would have been dismissed had counsel presented a constitutional challenge because the statewide emergency orders suspending Rule 600 during the COVID-19 pandemic did not affect a

defendant's rights to be promptly brought to trial under the federal constitution. *Id*. at 14-15.

As noted hereinabove, trial counsel raised a Rule 600 claim, but did not pursue a constitutional challenge. Thus, we begin our analysis with an overview of the interplay between these two types of speedy trial challenges, which employ different tests to determine whether trial has been unduly delayed. If a defendant preserves a constitutional claim, then the reviewing court will "proceed to the four-part constitutional analysis set forth in *Barker v. Wingo*, 407 U.S. 514 (1972)." *Commonwealth v. Martz*, 232 A.3d 801, 812 (Pa.Super. 2020) (citation altered) (quoting *Commonwealth v. Colon*, 87 A.3d 352, 357 (Pa.Super. 2014)). Those four factors are "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Commonwealth v. Barbour*, 189 A.3d 944, 955 n.6 (Pa. 2018) (cleaned up).

Given "the inherent vagueness resulting from the *Barker* balancing test, the Pennsylvania Supreme Court adopted Pa.R.Crim.P. . . . 1100, later renumbered [as] Rule 600, to establish a definitive period of time for a speedy trial violation." *Colon*, 87 A.3d at 356 (cleaned up). To wit:

> Rule 600 represents [the Pennsylvania Supreme] Court's determination that the balancing test announced in *Barker* provides only the minimum standards guaranteed by the Sixth and Fourteenth Amendments, and that such minimum standards are not adequate to provide Pennsylvania criminal defendants the protection guaranteed by the constitution of this Commonwealth. However, while Rule 600 generally protects a defendant's right to a speedy trial, there is no constitutional significance to the number

of days or the procedure chosen by the Court in enacting Rule 600. Thus, a violation of Rule 600 may result in dismissal of charges even where a court would not otherwise find a constitutional violation under the *Barker* factors.

*Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012) (cleaned up).

Presently, the PCRA court denied Appellant's ineffectiveness claim because it determined that Appellant could not prove prejudice. *See* PCRA Court Opinion, 11/18/24, at 6. To reach this conclusion, it considered the *Barker* factors thusly:

By the time [Appellant] was tried, 694 days (or 22 months and 25 days) had elapsed since the filing of the criminal complaint. While the length of delay on its face was enough to trigger inquiry into all of the *Barker* factors, only a portion of the delay was attributable to the Commonwealth. About one-third of the delay was caused by the COVID pandemic, which necessitated the closure of the courts. That extraordinary circumstance was beyond the control of the Commonwealth and the courts. Moreover, most of the remaining delay was attributable to [Appellant] himself. . . . [H]e filed numerous *pro se* motions that caused counsel and the courts to take time to address. Notably, he filed motions to remove counsel and to impose the death penalty. These filings required the court to hold hearings and order a competency evaluation. Trial had to be continued [three] times to allow for the competency evaluation. The evaluator concluded that not only was [Appellant] competent but that he was malingering to delay trial. These events undeniably fostered delay and therefore caused us to heavily weigh the second factor negatively against [Appellant].

PCRA Court Opinion, 11/18/24, at 9 (footnotes omitted).

While the court acknowledged that Appellant had attempted to assert his constitutional speedy trial rights, it "did not find that it was vigorously pursued" because Appellant simultaneously took "actions to delay the trial." *Id*. at 10. Specifically, he requested a new preliminary hearing; "feigned

incompetency causing another substantial delay[;]" attempted to *pro se* pursue an insanity defense days before trial was set to begin, which "would have required trial counsel to request yet another continuance to investigate had he felt that the defense was appropriate[;]" and, notably, "willfully refused to appear for trial when it finally did commence." ***Id***.

Finally, based upon the Rule 600 motion filed by counsel, the PCRA court observed that Appellant received nominal bail. Although he remained incarcerated pending trial, the court iterated that "he was serving a sentence on unrelated charges." ***Id***. at 11. In sum, the PCRA court determined that because Appellant's charges would not have been dismissed had counsel raised a constitutional speedy trial claim, Appellant could not prove that he was prejudiced by counsel's failure to do so.

Our review of the record confirms the court's factual findings and legal conclusions, and we discern no error in its denial of this claim. ***See Commonwealth v. Miller***, 307 A.3d 675, 2023 WL 6939862, at *7 (Pa.Super. 2023) (non-precedential decision) (rejecting constitutional speedy trial challenge where the defendant was tried "within twenty months of his arrest" and the delays either were outside the Commonwealth's control or caused by the defendant, namely, "difficulties with transporting [the defendant] amid the ongoing pandemic, the trial court *sua sponte* grant[ing] a continuance of the preliminary hearing, a joint continuance occurred when a Commonwealth witness was unable to appear for trial due to a COVID-19

infection, and a trial date needed to be continued on an occasion when [the defendant] appeared in court in an impaired state" (cleaned up)).

In his second issue, Appellant contends that trial counsel was ineffective for failing to mount an insanity defense, and that had counsel done so, Appellant would have been found not guilty by reason of insanity. *See* Appellant's brief at 20. He insists that his competency to stand trial did not foreclose pursuit of an insanity defense as to his mental state at the time of the commission of the crimes, and counsel's failure to obtain his medical and mental health records deprived him of the right to effective assistance of counsel. *Id*. at 20-23.

Our legislature has codified the parameters of an insanity defense as follows:

> **(a) General rule.--**The mental soundness of an actor engaged in conduct charged to constitute an offense shall only be a defense to the charged offense when the actor proves by a preponderance of evidence that the actor was legally insane at the time of the commission of the offense.
>
> **(b) Definition.--**For purposes of this section, the phrase **"legally insane"** means that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

18 Pa.C.S. § 315. We have further explained this defense thusly:

> To plead the defense of insanity suggests that the defendant committed the act, but was not legally culpable. An insanity defense focuses upon a defendant's capacity, at the time of the offense, to understand the nature and quality of her actions or whether she knew that her actions were wrong. It has long been

accepted that criminal defendants may be presumed sane for purposes of determining their criminal liability. Thus, under the clear language of [§] 315(a), the burden of proving insanity by a preponderance of the evidence is upon the defendant. Moreover, we have long stated that the Commonwealth can [defeat the defense] not only by psychiatric testimony but also by lay testimony which shows that he or she knew the nature and quality of the act committed and knew that what had been done was wrong. Furthermore, it is within the factfinder's right to disbelieve an insanity defense and credit the testimony of the eyewitnesses.

*Commonwealth v. Watson*, 292 A.3d 562, 567 (Pa.Super. 2023) (cleaned up).

Appellant invokes this defense based upon his not being on medication to control the hallucinations he experienced as symptoms of his Schizoaffective disorder diagnosis. *See* Appellant's brief at 21. He also alleges that he had an epileptic seizure on the day of the offense, "which effected [*sic*] his memory of events that occurred[,]" and that "[h]is thought process was not clear[.]" *Id*. at 22.

The PCRA court gleaned no arguable merit from Appellant's claim that counsel's performance was deficient for failing to raise an insanity defense. It found that Appellant knew exactly what he was doing when he committed the underlying offenses:

[Appellant]'s case involved charges that arose out of his initial report to prison officials that he was raped. During the initial interview concerning the claim, he immediately started masturbating in front of the investigating official, Lieutenant [Bettylou] Mihal. She quickly ended the interview and left to report the incident. [Appellant] then concocted an outrageous story to cover his own wrongdoing, claiming that Lieutenant Mihal violently assaulted him in a sexual way. Obviously, he understood that he would suffer consequences from having masturbated in front of prison staff. To avoid those consequences, he made

- 10 -

another report of rape which he knew to be false. This clearly showed that he understood the quality and nature of what he was doing when he 1) masturbated in front of Lieutenant Mihal, and 2) made the false report afterward. *See Commonwealth v. Glass*, 405 A.2d 1236 (Pa. 1979) (noting that consciousness of guilt may be inferred from false statements made with an intent to mislead law enforcement). [Thus, the PCRA court was] satisfied that a jury would not have found otherwise had an insanity defense been presented.

PCRA Court Opinion, 11/18/24, at 12-13 (footnote omitted). The PCRA court also determined that he failed to establish prejudice.

Our review of the record confirms the court's findings. Simply stated, Appellant has not established by a preponderance of the evidence that he was legally insane at the time of the underlying offenses, and therefore counsel cannot be deemed ineffective for failing to raise the insanity defense as Appellant wished. *See Commonwealth v. Kapellusch*, 323 A.3d 837, 847 (Pa.Super. 2024) (noting that "counsel cannot be deemed ineffective for failing to raise a meritless claim" (cleaned up)). Based on the foregoing, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/23/2025